# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN JESUS REYNOSO,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JAMES E. HALL, WARDEN,<br><br>　　　　　Respondent.<br>_____/ | CV F   04-5025 AWI DLB HC<br><br>ORDER DIRECTING RESPONDENT TO SUBMIT SUPPLEMENTAL BRIEFING<br><br>ORDER APPOINTING COUNSEL TO REPRESENT PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Petitioner filed the instant petition for writ of habeas corpus on December 19, 2003. Respondent filed an answer to the petition on August 4, 2005.  (Court Doc. 22.)  Petitioner did not file a traverse.

　　　　In the petition, Petitioner contends that the California Supreme Court misapplied the third Batson step because (1) the trial court erred by immediately accepting the prosecutor's stated reasons without "critical assessment," and (2) the prosecutor's reasons were vague, implausible, or irrelevant to the case and unsupported by the record.  (Petition, at 1, 5.)

　　　　Evaluation of allegedly discriminatory peremptory challenges to potential jurors in federal and state trials is governed by the standard established by the United States Supreme Court in Batson v. Kentucky, 476 U.S. 79, 89 (1986).  In Batson, the United States Supreme Court set out a three-step process in the trial court to determine whether a peremptory challenge

is race-based in violation of the Equal Protection Clause. Purkett v. Elem, 514 U.S. 765, 767, 115 S.Ct. 1769 (1995). First, the defendant must make a *prima facie* showing that the prosecutor has exercised a peremptory challenge on the basis of race. Id. That is, the defendant must demonstrate that the facts and circumstances of the case "raise an inference" that the prosecution has excluded venire members from the petit jury on account of their race. Id.

If a defendant makes this showing, the burden then shifts to the prosecution to provide a race-neutral explanation for its challenge. Id. At this step, "the issue is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." Hernandez v. New York, 500 U.S. 352, 360, 111 S.Ct. 1859 (1991). Finally, the trial court must determine if the defendant has proven purposeful discrimination.

"When there is reason to believe that there is a racial motivation for the challenge, neither the trial courts nor we are bound to accept at face value a list of neutral reasons that are either unsupported in the record or refuted by it." Johnson v. Vasquez, 3 F.3d 1327, 1331 (9th Cir. 1993). The court must consider the record as a whole and each explanation in order to determine whether an invidious discriminatory purpose may be inferred from the totality of the relevant facts of the case. Kesser v. Cambra, __ F.3d __; No. 02-15475, 2006 WL 2589425 (9th Cir. Sept. 11, 2006) *7 (citing Hernandez, 500 U.S. at 363.) .

In Kesser v. Cambra, the Ninth Circuit applied the comparative juror analysis as done by the Supreme Court in Miller-El, 545 U.S. 231 (2005), rejecting the notion that the court should not engage in comparative analysis for the first time on appeal. 2006 WL 2589425 *8.

In his answer, Respondent argues that any new rule established in Miller-El should not be applied retroactively under Teague. Respondent further argues that the California Supreme Court and Ninth Circuit have held that a reviewing court should not attempt its own comparative juror analysis for the first time on appeal. (Answer, at 15 n.7.)

In light of the Ninth Circuit's recent holding in Kesser, the Court finds it necessary for Respondent to submit supplemental briefing addressing its impact on Petitioner's claim. Such briefing shall include, but is not limited to, the comparative analysis application to the facts of

1  this case.

2      The Court finds that the interests of justice would be served by the appointment of
3  counsel for Petitioner at this time.  A Magistrate Judge may appoint counsel at any stage of a
4  habeas corpus proceeding if the interests of justice so require. Title 18 U.S.C. § 3006A; Rule 8(c)
5  of the Rules Governing Section 2254 Cases.  Accordingly, the Court will appoint the Office of
6  the Federal Defender to represent Petitioner.

7      Accordingly, it is HEREBY ORDERED that:

8      1.    The Office of the Federal Defender is ORDERED to represent Petitioner;

9      2.    A NOTICE OF APPEARANCE shall be filed with the court by the attorney
10     representing Petitioner within **TWENTY (20)** days of the date of service of this
11     order;

12     3.    Within **FORTY-FIVE (45)** days from the date of service of this order,
13     Respondent shall submit supplemental briefing;

14     4.    Within **THIRTY (30)** days from the date Respondent files its supplemental
15     briefing, Petitioner shall, through counsel, file a supplemental response; and

16     5.    The Clerk of Court is DIRECTED to SERVE a copy of this order along with a
17     copy of the Petition (DOC. 1), ANSWER (DOC. 22), on the Office of the Federal
18     Defender.

19  IT IS SO ORDERED.

20  **Dated:   September 25, 2006**          **/s/ Dennis L. Beck**
    3b142a                                                              UNITED STATES MAGISTRATE JUDGE